# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **POWER HOME REMODELING GROUP, LLC**, a Pennsylvania limited liability company,<br><br>　　　　　**Plaintiff,**<br>　v.<br><br>**JON STUCKENSCHNEIDER**, **MATTHEW GARRETT, AND PHILIP HABERLE**<br><br>　　　　　**Defendants.** | **CIVIL ACTION NO. 2:23-cv-02880** |

## CONSENT INJUNCTION ORDER

WHEREAS, Plaintiff Power Home Remodeling Group, LLC ("PHRG" or "Plaintiff") has filed the above-captioned lawsuit against Defendants Jon Stuckenschneider ("Stuckenschneider"), Matthew Garrett ("Garrett"), and Philip Haberle ("Haberle") (collectively, the "Defendants");

WHEREAS, counsel for PHRG and for the Defendants and Rise Renovation, LLC ("Rise") have engaged in discussions intended to reach an agreement regarding the issues presented by this lawsuit and a separate lawsuit filed by PHRG captioned *Power Home Remodeling Group, LLC v. Rise Renovation, LLC*, Case No. 1:24-cv-03558 (D. Colo.) and have reached agreement conditioned on the entry by this Court of the foregoing Consent Injunction Order in the same or substantially the same form as set forth herein;

WHEREAS, the terms of this Order shall extend to Defendants and to all those acting in concert with Defendants, including but not limited to Rise, and Defendants Stuckenschneider and Garrett shall be responsible, as co-owners of Rise, for ensuring that Rise complies with the terms of this Order;

NOW THEREFORE, Plaintiff and Defendants, by and through their respective undersigned counsel, hereby consent to the issuance of the following injunction order:

1. For a period of one (1) year from the date of the last signature of the separate Settlement Agreement and Mutual Release (the "**Restricted Period**") between PHRG, on the one hand, and Defendants Stuckenschneider and Garrett, on the other hand, Defendants Stuckenschneider and Garrett shall not do business with any customer, and Defendants Stuckenschneider and Garrett shall be responsible to ensure that Rise and anyone on its behalf does not do business with any customer, on the Restricted Customer List (each a "**Restricted Customer**") being provided to Defendants and Rise by PHRG in connection with the Settlement Agreement and Mutual Release.

2. During the Restricted Period, Defendants Stuckenschneider and Garrett shall not, and shall be responsible for ensuring that Rise and anyone acting on its behalf does not, solicit or hire any PHRG employees. PHRG employees include anyone who has been employed by PHRG at any time over the course of the preceding six (6) months.

3. Within ten (10) business days of the Effective Date, counsel for PHRG and counsel for Defendants will work together to identify any information belonging to PHRG that may have been discovered on Individual Defendants' electronic devices during the ESI process in this lawsuit. If any such PHRG information is identified, Defendants shall turn over to their previously retained vendor (the "**Vendor**"), for forensic imaging, the flash drive that contains all information the Vendor obtained through the search of the Defendants' electronic devices in connection with the ESI process in this lawsuit for the purpose of the Vendor identifying the electronic device(s) on which the identified PHRG information (if any) is located. If any PHRG information is found to be on the Defendants' electronic devices, Defendants' counsel shall work with PHRG's counsel to ensure that the Vendor destroys all such information. Defendants and Rise shall be responsible

for the costs of this process. The Vendor shall provide a certification (which the Defendants' counsel shall provide to PHRG's counsel) attesting to the destruction of any such PHRG information (as previously identified by counsel for the Parties) from the Defendants' electronic devices. Defendants shall provide PHRG with Declarations in the form provided in the parties' Settlement Agreement and Mutual Release.

4. Defendants Stuckenschneider and Garrett agree, acknowledge, and consent that they shall forever cease and desist from identifying themselves as affiliated with and/or using any information belonging to PHRG, and that that they shall be responsible to ensure that Rise forever ceases and desists from identifying itself as affiliated with and/or using any information belonging to PHRG.

5. This Order shall be in effect for a period of one (1) year from the date of this Order.

6. Defendants have waived the posting of an injunction bond by Plaintiff; accordingly, no injunction bond is required.

7. This action will be dismissed under Local Rule 41.1(b) with the Court retaining jurisdiction for the purpose of enforcing the terms of this Order.

SO ORDERED.

ENTERED this 9th day of April, 2025.

BY THE COURT:

_____
Joshua D. Wolson, U.S.D.J.

**STIPULATED TO BY:**

                                        **DUANE MORRIS LLP**

                                        */s/ Lawrence H. Pockers*

                                        Lawrence H. Pockers, Esq.
                                        30 South 17th Street
                                        Philadelphia, PA  19103-4196
                                        Telephone: +1 215 979 1153
                                        Fax: +1 215 689 3761

                                        *Counsel for Plaintiff*


                                        **JACKSON LEWIS P.C.**

                                        */s/ Jonathan R. Cavalier*

                                        Jonathan R. Cavalier, Esq.
                                        Morgan D. Hollander, Esq.
                                        1601 Cherry Street
                                        Suite 1350
                                        Philadelphia, PA 19102
                                        P 267-319-7822
                                        F 215- 399-2249

                                        *Counsel for Defendants*